IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| CLIFFORD W. EAGLE, | ) | Cause No. CV 09-18-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| STATE OF MONTANA, | ) | OF U.S. MAGISTRATE JUDGE |
| | ) | |
| Respondent. | ) | |

_____

On February 17, 2009, Petitioner Clifford Eagle filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2241. Eagle is a federal prisoner proceeding pro se. His petition is not accompanied by the $5.00 filing fee or a motion to proceed in forma pauperis. The State of Montana is not a proper respondent. However, there is no need to delay resolution of this case based on those issues.

The petition invokes 28 U.S.C. § 2241. Pet. (Docket No. 1) at 1. Eagle claims that the District Court lacked subject-matter jurisdiction to sentence him in Cause No.

CR 08-63-BLG-RFC (D. Mont. filed Apr. 2, 2008). <u>Id.</u> at 4.  A petition under § 2241

is not available to challenge to a federal sentence or conviction.  28 U.S.C. § 2255

provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who
> is authorized to apply for relief by motion pursuant to this section, shall
> not be entertained if it appears that the applicant has failed to apply for
> relief, by motion, to the court which sentenced him, or that such court
> has denied him relief, unless it also appears that the remedy by motion
> is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

A federal prisoner *must* proceed under § 2255 unless the remedy provided for

in that section is, for some reason, inadequate or ineffective.  <u>Hayman v. United</u>

<u>States</u>, 342 U.S. 205, 214-19 (1952); <u>Jones v. Squier</u>, 195 F.2d 179, 180-81 (9th Cir.

1952); <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir. 1997) (holding that,

generally, "[a] federal prisoner authorized to seek relief under section 2255 may not

petition for habeas corpus relief pursuant to section 2241.").[1]  A court has no subject-

matter jurisdiction to entertain an application for a writ of habeas corpus if the

---

[1]  There is an exception when a federal prisoner challenges the manner of execution of his
sentence.  <u>See, e.g.</u>, <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 895 n.2 (9th Cir. 1996) ("Cases
involving habeas petitions by federal prisoners fall under section 2241, are less frequent and often
challenge administration of parole, computation of good time credit, prison conditions and
deportation or exclusion.") (citing James S. Liebman & Randy Hertz, <u>Federal Habeas Corpus</u>
<u>Practice and Procedure</u> § 41.2 (2d ed. 1994)).  The exception does not apply because Eagle
challenges his conviction and sentence, not merely the manner in which his sentence is being
executed.

petitioner has an adequate and effective remedy under § 2255.  Lorentson v. Hood, 223 F.3d 950, 956 (9th Cir. 2000).  There is no reason to believe a § 2255 motion will not be available to Eagle at the appropriate time.

At this time, however, Eagle's criminal case is currently on appeal.  District courts do not consider § 2255 motions while a direct appeal is pending.  Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir. 1987) (as amended); United States v. Deeb, 944 F.2d 545, 548 (9th Cir. 1991); Rule 5, Rules Governing Section 2255 Proceedings for the United States District Courts, advisory committee's note (quoting Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968)).

Pirro holds that "the delay resulting from the fact that the sentencing court will not review a section 2255 motion until the direct appeal is resolved . . . does not . . . render[] such a motion inadequate or ineffective."  104 F.3d at 298.

Eagle's petition under § 2241 should be dismissed because § 2241 is not an appropriate remedy.  There is no reason to convert the petition to a motion under 28 U.S.C. § 2255 because Eagle's criminal case is pending on appeal before the Ninth Circuit.  The Court will not consider whether a certificate of appealability should issue because a COA is not required for petitions filed under 28 U.S.C. § 2241 where, as here, the detention complained of arises out of process issued by a federal court. 28 U.S.C. § 2253(c)(1)(A), (B).  It is appropriate to certify that any appeal would not

be taken in good faith because it is well-settled that Eagle may not proceed under §

2241 and may not file a § 2255 motion while a direct appeal is pending.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (Docket No. 1) should be DISMISSED for lack of jurisdiction.

2.  The Clerk of Court should be directed to enter by separate document a

judgment of dismissal.

3.  The District Court should CERTIFY, pursuant to Fed. R. App. P.

24(a)(4)(B), that any appeal from its disposition would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written

objections to this Findings and Recommendations within ten (10) business days of

the date entered as indicated on the Notice of Electronic Filing.  A district judge will

make a de novo determination of those portions of the Findings and

Recommendations to which objection is made.  The district judge may accept, reject,

or modify, in whole or in part, the Findings and Recommendations.  Failure to timely

file written objections may bar a de novo determination by the district judge.

Petitioner must immediately inform the Court of any change in his mailing address.  Failure to do so may result in dismissal of his case without notice to him.

DATED this 19th day of February, 2009.


/s/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge